IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRETT-ANDREW: HOUSE OF NELSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-CV-00069-H-BU |
| | § | |
| DONALD CORWIN JACKSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brett-Andrew: House of Nelson, proceeding *pro se* and *in forma pauperis*, filed this complaint on April 13, 2020, seeking to confirm an alleged arbitration award. Dkt. No. 2. By a standing order of reference, United States District Judge James Wesley Hendrix referred this action to the undersigned for pretrial management under 28 U.S.C. § 636(b). For the following reasons, the undersigned recommends that Plaintiff's complaint be dismissed, and all pending motions terminated.

I. DISCUSSION

Plaintiff is a resident of Colorado. Dkt. No. 2 at 1. Plaintiff alleges he has obtained an arbitration award from Sitcomm Arbitration Association[1] in the amount of $5,000,000.00 against each Defendant. Dkt. No. 2-2 at 1. Defendants are also residents of Colorado. Dkt. No. 2 at 1.

---

[1] Sitcomm Arbitration Association's status as a valid arbitration entity is highly suspect. In a prior decision, this Court, following other federal courts around the nation, repudiated an arbitration award made by Sitcomm, finding the "award was procured by corrupt, fraudulent, and undue means." *See Magee et al. v. Cooper et al.*, Civil Action No. 5:19-mc-00017-H (March 11, 2020). The Court noted "its concern with the extent and breadth of Sitcomm's seemingly fraudulent activity" and accordingly informed state and federal authorities.

Plaintiff brings this action under the Federal Arbitration Act ("FAA") to confirm the arbitration award. *Id*.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this circumscribed power, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.

A lack of subject matter jurisdiction may be raised sua sponte by the Court at any time. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Moreover, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984).

The two statutory bases for federal subject matter jurisdiction are federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In relevant part, § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

The Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se*

pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Plaintiff brings this action to confirm an alleged arbitration award under the FAA, asserting jurisdiction under 9 U.S.C. § 9. The FAA provides avenues for compelling arbitration in federal court, as well as confirming, vacating, or modifying existing arbitration awards. *Id*. §§ 4, 9–11. Under § 9, a party to an arbitration agreement may apply to the court to confirm a final arbitration award, if the parties have previously agreed "that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and provided the validity or accuracy of the award is not disputed under § 10 or § 11. *Id*. § 9.

But the FAA does not independently create subject matter jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). In cases involving the FAA, a federal court must have an independent basis to exercise jurisdiction, either diversity of citizenship under 28 U.S.C. § 1332 or federal-question jurisdiction under § 1331. *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020).

A district court has no authority to resolve a motion to confirm an arbitration award under § 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement. *Quezada*, 946 F.3d at 843. Courts may look beyond the face of the petition to determine whether the underlying dispute presents a federal question. *Id.* at 841–843 (finding that § 9 motions are not subject to the well-pleaded complaint rule and adopting the

jurisdictional inquiry endorsed by the Supreme Court in *Vaden v. Discover Bank*, 556 U.S. 49 (2009) for petitions brought under § 4 of the FAA). But if a § 9 motion is not predicated on an action that arises under federal law, a court cannot exercise federal question jurisdiction. *Quezada*, 946 F.3d at 843.

Plaintiff does not allege facts that demonstrate federal law creates the cause of action or that his right to relief depends on resolution of a substantial question of federal law. Even assuming the validity of the arbitration agreement, because the arbitration claims would not be subject to federal-question jurisdiction absent the agreement, the Court has no federal-question jurisdiction in this case. *See id.* at 843. While the Court must construe *pro se* pleadings liberally, doing so here fails to reveal facts that would warrant invoking the limited jurisdiction of the Court.

And because Plaintiff alleges that all parties are citizens of Colorado, he fails to allege facts that demonstrate diversity jurisdiction is appropriate under § 1332. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant").

Moreover, the Court notes that this is not the only action Plaintiff has filed against Defendants seeking to confirm alleged arbitration awards. Plaintiff's similar suits against Defendants filed in the United States District Court for the District of Colorado have also been dismissed for lack of subject matter jurisdiction. *See Nelson v Talbot et al.*, No. 1:19-cv-03643, (D. Colo. March 6, 2020); *Nelson v Talbot et al.*, No. 1:20-cv-01053, (D. Colo. May 7, 2020).

## II.  RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the action be dismissed without prejudice for lack of subject matter jurisdiction and all pending motions terminated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 4th day of December, 2020.

                                                    JOHN R. PARKER
                                                    UNITED STATES MAGISTRATE JUDGE