UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

BRETT-ANDREW: HOUSE OF
NELSON,

    Plaintiff,

v.

DONALD CORWIN JACKSON, et al.,

    Defendants.

No. 1:20-CV-069-H-BU

**ORDER OVERRULING PLAINTIFF'S OBJECTION
AND ADOPTING THE FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Brett Andrew brought this action seeking to confirm an alleged $20,000,000 arbitration award under the Federal Arbitration Act. *See* Dkt. No. 1. United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) in this case on December 4, 2020. *See* Dkt. No. 13. Judge Parker recommended that the Court dismiss the action without prejudice for lack of subject-matter jurisdiction and terminate all pending motions.

Plaintiff timely filed objections to the FCR. *See* Response to Recommendations; Notice of Malfeasance; Formal Written Objection; Petition for a Rule to Show Cause (Dkt. No. 14). Because plaintiff objects to the FCR, the Court independently reviews the pleadings and other filings in this case de novo. *See* Fed. R. Civ. P. 72(b)(3). After reviewing the objections to the FCR and conducting a de novo review of those parts of the Findings and Conclusions to which objections have been made, the Court finds that plaintiff's objections lack merit. The Court further finds that the Findings and Conclusions are correct, and they are accepted as the findings and conclusions of the Court. It is

therefore ordered that plaintiff's complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

It is further ordered that plaintiff's remaining motions (Dkt. Nos. 7, 11, 15, and 16) are denied as moot. Plaintiff's Petition for Writ of Execution (Dkt. No. 12) is also denied as moot. All relief not expressly granted and any pending motions are denied. The Clerk of the Court is directed to terminate all pending motions and close this case.

The Court notes that plaintiff has filed at least three other lawsuits seeking to confirm the same alleged arbitration award against the named defendants, two of which were likewise dismissed for lack of subject-matter jurisdiction.[1] *See Nelson v Talbot et al.*, No. 1:19-cv-03643, (D. Colo. March 6, 2020); *Nelson v Talbot et al.*, No. 1:20-cv-01053, (D. Colo. May 7, 2020), aff'd, *Andrew v. Talbot*, No. 20-1424, 2021 WL 118007, at *1 (10th Cir. Jan. 13, 2021). The Tenth Circuit recently affirmed one of those decisions, holding that "[p]laintiff presented no basis for jurisdiction under either [28 U.S.C. § 1331 or 28 U.S.C. § 1332] in the district court and does not do so on appeal." *See Andrew v. Talbot*, 2021 WL 118007, at *1. The Tenth Circuit's decision is persuasive here.[2]

The Court further certifies, under Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), and for the reasons stated in the magistrate judge's FCR and this order, that an appeal in this action would not be taken in good faith and prospectively

---

[1] Plaintiff's attempt to confirm the same alleged arbitration award in the Middle District of Georgia was similarly dismissed, but the order did not expressly discuss jurisdiction. *See Nelson v. Jackson*, No. 3:20-cv-28-CAR, Dkt. No. 58. (M.D. Ga. Jan. 21, 2021). The court's order in that case noted that "Plaintiff has filed multiple lawsuits seeking to confirm the same or similar bogus "arbitration awards" issued by Sitcomm.[] Every case has been dismissed, with some judges issuing Plaintiff stern warnings to stop his frivolous pursuit." *Id.* at 9.

[2] The Court is also aware of the plaintiff's history of filing frivolous lawsuits and motions in other courts, which has resulted in numerous warnings and even restrictions from the Colorado District Court. *See Brett Andrew: House of Nelson v. Babcock*, No. 20-CV-03506-GPG, 2020 WL 7064564, at *2–4 (D. Colo. Nov. 30, 2020) (summarizing plaintiff's litigation history in Colorado and imposing filing restrictions). The Court cautions plaintiff against engaging in the same litigious conduct in this Court.

denies petitioner leave to appeal *in forma pauperis*. Thus, if plaintiff files a notice of appeal, he must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Fifth Circuit within 30 days of this order in accordance with Federal Rule of Appellate Procedure 24.

So ordered on February 5, 2021.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE